IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02175-BNB

DELMART E.J.M. VREELAND, II,

    Applicant,

v.

WARDEN LOU ARCHULETA, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

    Applicant, Delmart E.J.M. Vreeland, II, is in the custody of the Colorado Department of Corrections at the Fremont Correctional Facility in Cañon City, Colorado. Applicant, initiated this action by filing *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and paying the $5 filing fee. Applicant also filed a "Motion for Leave to File an Application for Writ of Habeas Corpus in Excess of the Thirty Page Limit Set by Local Court Rule."

    The Court must construe the Application liberally because Applicant is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Applicant will be ordered to file an Amended Application.

    Applicant must comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See*

Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987).  Pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought."  Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

In his Motion for Leave to File in Excess of Thirty Pages, Applicant states that his Application is 120 pages long.  The Application is 411 pages long.  It is repetitive and includes a copy of the application that Applicant filed in Case No. 12-cv-02039-LTB.  Applicant, therefore, has failed to comply with Fed. R. Civ. P. 8.

The Court will direct Applicant to file an Amended Application that is simple, concise, and direct.  The Court will deny Applicant's Motion for Leave to File in Excess of Thirty Pages with leave to renew, if necessary, once he has complied with Rule 8.  It is Applicant's responsibility to present his claims in a manageable format.

The Court also will deny Applicant's Motion for Waiver of Exhaustion Rules.  The Application form provides for a statement of exhaustion for each asserted claim.  The Motion is unnecessary.  Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Applicant file an Amended Application that complies with this Order.  It is

FURTHER ORDERED that Applicant shall obtain the Court-approved 28 U.S.C. § 2254 Application form (with the assistance of his case manager or the facility's legal

assistant), along with the applicable instructions, at www.cod.uscourts.gov. Applicant must use a Court-approved form to file the Amended Application. It is

FURTHER ORDERED that if Applicant fails within the time allowed to file an Amended Application as directed, the action may be dismissed without further notice. It is

FURTHER ORDERED that the Motion for Leave to File an Application for Writ of Habeas Corpus in Excess of the Thirty Page Limit Set by Local Court Rule, ECF No. 3, is denied with leave to renew, if necessary, when Applicant files an Amended Application. It is

FURTHER ORDERED that the Motion for Waiver of Exhaustion Rules, ECF No. 4, is denied as unnecessary.

DATED August 11, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge