IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02175-BNB

DELMART E.J.M. VREELAND, II,

    Applicant,

v.

LOU ARCHULETA, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER TO FILE PRE-ANSWER RESPONSE

---

Pursuant to the Court's August 11, 2014 Order, Applicant has filed an Amended Application. "An amended [application] 'supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified.' " *See Hooten v. Ikard Servi Gas*, No. 12-2179, 2013 WL 1846840 at *4 (10th Cir. May 3, 2013) (quoting *Giles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990)). Therefore, Respondents will be directed to address the thirty-two claims Applicant has identified in the September 29, 2014 Amended Application as follows.

As part of the preliminary consideration of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in this case, the Court has determined that a limited Pre-Answer Response is appropriate. Respondents are directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and to *Denson v. Abbott*, 554 F.Supp. 2d 1206 (D. Colo. 2008), to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). If Respondents do not intend to raise either of these affirmative defenses, they must notify

the Court of that decision in the Pre-Answer Response.  Respondents may not file a dispositive motion as their Pre-Answer Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Pre-Answer Response, Respondents should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Pre-Answer Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies.  Applicant also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2254 action in this Court.  Accordingly, it is

ORDERED that **within twenty-one days from the date of this Order** Respondents shall file a Pre-Answer Response that complies with this Order.  It is

FURTHER ORDERED that **within twenty-one days of the filing of the Pre-Answer Response** Applicant may file a Reply, if he desires.  It is

FURTHER ORDERED that if Respondents do not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, they must notify the Court of that decision in the Pre-Answer Response.

Dated:  September 29, 2014

BY THE COURT:

 s/Boyd N. Boland
United States Magistrate Judge