IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-02175-PAB

DELMART E.J.M. VREELAND, II,

 Applicant,

v.

LOU ARCHULETA, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

 Respondents.

---

**ORDER**

---

This matter comes before the Court on the Motion to Substitute One Named Party and for Sanction Against Respondent Lou Archuleta filed on August 7, 2015 [Docket No. 37] and the motion to prohibit further transfer set forth in Applicant's Reply, Docket No. 40, filed on August 24, 2015.

**I. BACKGROUND**

Applicant is in the custody of the Colorado Department of Corrections and currently is housed at the Colorado Territorial Correctional Facility in Cañon City, Colorado. Applicant, acting *pro se*, initiated this action by filing a 411-page Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, Docket No.1, challenging the validity of his conviction and sentence in State of Colorado Criminal Case No. 04CR706. Magistrate Judge Boyd N. Boland reviewed the Application, determined that Applicant had failed to comply with Fed. R. Civ. P. 8, and directed Applicant to file an Amended Application. Magistrate Judge Boland also denied Applicant's request to file

an Application that is in excess of thirty pages, with leave to refile once he has filed an application that complies with Rule 8.  Applicant filed an Amended Application on September 29, 2014, but did not renew his request to submit an application in excess of thirty pages.

Magistrate Judge Boland then directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action.

After being granted an extension of time to respond, Respondents filed their Pre-Answer Response, Docket No. 17, on October 30, 2014.  Applicant also being granted an extension of time, then filed a Reply, Docket No. 21, on December 22, 2014.  On January 7, 2015, Magistrate Judge Gordon P. Gallagher directed Applicant to show cause why the Application should not be denied as a mixed petition for failure to exhaust state court remedies.  Docket No. 22.  After a request for an extension of time to respond to the Order to Show Cause that was granted, and an entry by counsel who also requested an extension of time to respond to the Order to Show Cause, Applicant filed a Response on May 1, 2015.  Docket No. 32.  Respondents replied to Applicant's Response on May 19, 2015.  Docket No. 34.  Subsequently, the case was assigned to a district judge for further review and remains pending.

## II. MOTION TO SUBSTITUTE AND FOR SANCTION

On August 7, 2015, Applicant, through counsel, filed a "Motion to Substitute One Named Party and for Sanction Against Respondent Lou Archuleta."  Docket No. 37. The Court directed Respondents to respond to Applicant's Motion, which they did on

August 11, 2015. Docket No. 39. Applicant filed a Reply on August 24, 2015. Docket No. 40.

In the Motion to Substitute and for Sanction, Applicant argues that "Federal Rule" is very clear that a habeas corpus petitioner may not be transferred from the location where he is held at the time the habeas petition is filed. Docket No. 37. Applicant further asserts Respondent Lou Archuleta transferred Applicant to a different Colorado Department of Corrections facility without seeking permission from this Court. Applicant contends that, as a result, Mr. Archuleta no longer is a properly named party and any order entered by this Court directed to Mr. Archuleta to immediately release Applicant would have no "power." Docket No. 37 at 2-3. Applicant asks this Court to grant his motion to substitute Respondent Lou Archuleta, the warden where Applicant was housed prior to February 26, 2015, with David Zupan, the warden where Applicant now is housed.

Applicant also asks that the Court enjoin Respondents from transferring Applicant without first seeking permission of the Court. Finally, Applicant seeks attorney fees for preparing the Motion to Substitute and for Sanction as the sanction against Respondent Archuleta for transferring Applicant without leave of Court.

Respondents do not oppose Applicant's request for substitution. Docket No. 39 at 2. They, however, oppose the request for sanctions because Applicant's request does not comply with Fed. R. Civ. P. 11(c)(2) that requires a party to first serve the opposing party with a copy of the proposed motion and allow the opposing party twenty-one days to cure the alleged impropriety. Docket No. 39 at 2. Respondents further argue that the request for sanctions is improper because Applicant has failed to submit

3

the request in a separate motion, as required by Rule 11(c)(2). Docket No. 39 at 3. Respondents also assert that Applicant has not provided (1) required supporting affidavits, (2) summary of the drafting attorney's qualifications, and (3) a detailed description of the time spent, the hourly rate charges, and the total amount being sought as required by D.C.COLOLCivR 54.3. Id.

Respondents assert they are unaware of any rule that requires Colorado prison officials to obtain, during the pendency of a 28 U.S.C. § 2254 action, a federal district court's authorization to transfer an applicant between Colorado prison facilities. Id. at 4. Respondents argue that, even if they were required to notify the Court of Applicant's transfer, there was no reason for Applicant to file a motion for substitution and sanction. Id. at 5. Finally, Respondents assert that the substitution of a warden's name in a case caption is merely a formality and the wrong warden's name would not nullify an order of this Court granting a writ. Id.

In his Reply, through counsel, Applicant now depicts the Motion to Substitute and for Sanction as an "emergency motion to prohibit further transfers of Petitioner by the Colorado Department of Corrections without prior approval of this Court." Docket No. 40 at 3. Applicant relies on Fed. R. App. P. 23(a) for this Court's "jurisdiction" to prohibit any future transfers by Respondent. Id. at 6-7.

### A.  Sanction

Motions for sanctions are normally filed pursuant to Fed. R. Civ. P. 11, as discussed by Respondents in their Response. The filing of a Rule 11 motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions.

*See* Fed. R. Civ. P. 11 advisory committee's notes to 1993 Amendment subdivisions (b) and (c) (page 89). "The court has available a variety of possible sanctions to impose for violations, such as striking the offending paper . . . ." *Id.* (page 88).

Applicant does not disagree with Respondents' discussion of Fed. R. Civ. P. 11 and their argument that the Motion for Sanction not only was improperly presented to the Court but was also without any basis. Applicant simply claims the intent of the Motion to Substitute and for Sanction was to prohibit any future transfer of Applicant to another prison facility. The Court, therefore, will strike the Motion for Sanction based on Respondents' argument that the Motion for Sanction was improperly filed.

### B. Substitution

As for the Motion to Substitute, Fed. R. Civ. P. 25(d) provides that when a party in his official capacity "otherwise ceases to hold office while the action is pending," "[t]he officer's successor is automatically substituted." Fed. R. Civ. P. 25(d). "The court may order substitution at any time, but the absence of such an order does not affect the substitution." *Id.* The Court will grant the Motion to Substitute. Warden David Zupan will be substituted for Warden Lou Archuleta.

### C. Transfer

As for Applicant's new Motion to Prohibit Further Transfer, set forth in Applicant's Reply, Docket No. 40, the Court will deny the Motion.

First, Applicant's harassment, retaliation, and denial of access to the courts claims are challenges to the conditions of confinement and more properly raised in a 42

U.S.C. § 1983 complaint.  The Supreme Court has explained the role of habeas and civil rights actions as follows:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

*Muhammad v. Close*, 540 U.S. 749, 750 (2004); *see also Hill v. McDonough*, 547 U.S. 573, 579 (2006).  Applicant currently has four § 1983 actions pending before this Court; three of these cases raise Applicant's ongoing harassment, retaliation and denial of access to the courts claims.  *See Vreeland v. Raemisch, et al.*, No. 15-cv-01295-GPG (D. Colo. filed June 18, 2015); *Vreeland v. Schwartz, et al.*, No. 13-cv-03515-PAB-KMT (D. Colo. Dec. 20, 2013); *Vreeland v. Griggs, et al.*, No. 12-cv-01921-PAB-KMT (D. Colo. July 23, 2012).

As for Applicant's claim that he has been told that he may be transferred to a facility out of the State of Colorado,

> "[p]ending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule.  When, upon application, a custodian shows the need for a transfer, the court, justice, or judge rendering the decision under review may authorize the transfer and substitute the successor custodian as a party."

Fed. R. App. P. 23(a).  "The purpose of Rule 23(a) is to prevent officials from frustrating an inmate's efforts to obtain habeas relief by physically removing him from the territorial jurisdiction of the court in which the petition is pending."  *Strachan v. Army Clemency &*

6

*Parole Bd.*, 151 F.3d 1308, 1313 (10th Cir. 1998); *Dade v. Sanders*, 2012 WL 2390292 (D. Colo. 2012) (applying Rule 23(a) in a pending habeas action before the district court). "Once the officials demonstrate a legitimate, non-retaliatory reason independent of the litigation in support of their application, an opposing inmate must establish that 'the transfer would deprive the court of jurisdiction or substantially complicate the conduct of the litigation.'" *Id.* (quoting *Ward v. U.S. Parole Comm'n*, 804 F.3d 64, 66 (7th Cir. 1986)).

To obtain the relief Applicant seeks, he is required to show that a "transfer resulted in prejudice to the prosecution of the pending habeas action." *Strachan*, 151 F.3d at 1312; *see also Hammer v. Meachum*, 691 F.2d 958, 961 (10th Cir. 1982) ("While we do not condone such blatant violation of the appellate rules, we nevertheless deny petitioner's motion because he has not been prejudiced by the transfer."). Applicant's transfer in February 2015 was not outside the jurisdiction of this Court and nothing indicates that the transfer resulted in prejudice to the prosecution of this case.

Applicant does assert in his Reply, however, that as a result of Applicant's February 2015 transfer his electronic tablet was taken, which included much of his legal materials. Docket No. 40 at 5. The electronic tablet claim is conclusory and vague. Applicant does not state how the denial of the tablet substantially has complicated the conduct of the litigation or prejudiced the prosecution in this particular case. Currently, Applicant's transfer claim is speculative, and he does not demonstrate the prejudice required. The Motion to Prohibit Further Transfer will be denied.

## III. CONCLUSION

Accordingly, it is

**ORDERED** that the Motion for Sanction, Docket No. 37, is stricken.  It is further

**ORDERED** that the Motion to Substitute, Docket No. 37, is granted.  David Zupan, the warden where Applicant now is house, is substituted for Respondent Lou Archuleta, the warden where Applicant was housed prior to February 26, 2015.  It is further

**ORDERED** that the Motion to Prohibit Further Transfer, Docket No. 40, is denied.

DATED August 31, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge