IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-02175-PAB

DELMART E.J.M. VREELAND, II,

      Applicant,

v.

DAVID ZUPAN, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER TO DISMISS IN PART AND FOR ANSWER

---

## I.  BACKGROUND[1]

Applicant is in the custody of the Colorado Department of Corrections ("DOC") at

the Colorado Territorial Correctional Facility in Cañon City, Colorado.  Applicant initiated

this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2254, Docket No.1.  Magistrate Judge Gordon P. Gallagher reviewed the

Application, determined it failed to comply with Fed. R. Civ. P. 8, and directed Applicant

to file an Amended Application, which he did on September 29, 2014.  *See* Docket No.

8.  In an order also entered on September 29, Magistrate Judge Boyd N. Boland

directed Respondents to file a Pre-Answer Response limited to addressing the

affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state

---

[1]A prior version of this order was originally prepared and signed on June 17,
2015.  However, due to a clerical error, the order was not docketed.

court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intended to raise either or both of those affirmative defenses in this action.

After granting both parties extensions, Respondents filed a Pre-Answer Response, Docket No. 17, on October 30, 2014, and Applicant filed a Reply, Docket No. 21, on December 22, 2014.  Magistrate Judge Gordon P. Gallagher then reviewed the Response and Reply and directed Applicant to respond and show cause why the action should not be dismissed as a mixed petition pursuant to *Rose v. Lundy*, 455 U.S. 509, 522 (1982).  On March 4, 2015, counsel entered an appearance on Applicant's behalf and requested a ninety-day extension of time to respond to the Order to Show Cause, but he was granted only sixty days to respond.  Applicant, through counsel, filed a Response to the Order to Show Cause, Docket No. 32, on May 1, 2015, and Respondents filed a Reply to the Response, Docket No. 34, on May 19, 2015.

### A.  Mixed Petition/Exhaustion

The Court first will address the mixed petition issue.  In the January 7, 2015 Order to Show Cause, Applicant was informed as follows:

> Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. People*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.
>
> Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair

2

presentation requirement.  *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).  Even if state remedies properly have been exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless state court remedies have been exhausted for all of the claims raised.  *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995).

Applicant seeks a waiver of the exhaustion requirements based on his alleged inability to obtain state court records and the state court's failure to acknowledge his Rule 35© postconviction motion that he allegedly attempted to file on three occasions, specifically, at least on April 2, 2014.  Applicant agrees that a postconviction motion would not be time-barred in state court and states that the postconviction motion he submitted on April 2, 2014, contains all of the thirty-two claims he raises in this action.

Applicant has presented at least ten ineffective assistance of trial counsel claims and twenty-four ineffective assistance of appellate counsel claims as sub-claims to Claims Twenty-Seven and Twenty-Eight in this action.  *See* Docket No. 1-2 at 91-120.  Given Applicant concedes that a postconviction motion is timely, and he has submitted such a motion to the Douglas County District Court, which includes all thirty-four ineffective assistance of counsel claims, the Court finds that these claims, which are asserted in Claims Twenty-Seven and Twenty-Eight of this action, are unexhausted.  Because Claims Twenty-Seven and Twenty-Eight are detailed, and Applicant's concern about being foreclosed in future postconviction motions, without having access to the state court record, is only speculative, the Court finds no basis for waiving the exhaustion requirement for these claims.

3

This action, therefore, is a mixed petition. *See Rose*, 455 U.S. at 522; *Harris*, 48 F.3d at 1133. In order to avoid dismissal of a habeas application as a mixed petition, an applicant may elect to dismiss any unexhausted claims and pursue only those claims for which state remedies already have been exhausted. If an applicant wishes to pursue all of his claims in federal court the habeas action will be dismissed without prejudice so that the applicant may exhaust state remedies. Applicant then may file a new application for a writ of habeas corpus once all of his claims are exhausted.

A decision to dismiss unexhausted claims and pursue immediately only exhausted claims likely will bar an applicant from seeking review of the unexhausted claims in a second or successive application. *See* 28 U.S.C. § 2244(b). Alternatively, if an applicant elects to dismiss the entire action and return to state court to exhaust the unexhausted claims before seeking relief in federal court, the one-year limitation period in § 2244(d) will be applied to any new federal court action the applicant seeks to file. Furthermore, the time during which a 28 U.S.C. § 2254 application is pending in this Court does not toll the one-year limitation period in § 2244(d). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)" and "therefore did not toll the limitation period during the pendency of [an applicant's] first federal habeas petition"). The fact that the instant action currently is timely under § 2244(d) does not mean that any future action filed by Applicant will be timely.

Show Cause Order, Docket No. 22, at 6-9.

In response to the Order to Show Cause, Applicant, through counsel, contends the unexhausted claims should be excused because he has met with "procedural snarls and obstacles" in litigating his claims in state court, which has made exhaustion of his claims "impractical." May 1, 2015 Resp., Docket No. 32, at 3. Applicant further asserts that he mailed a Rule 35© motion to the state district court on April 3, 2014, but received no response from the court. *Id.* at 5. Applicant also asserts that he then sent a motion for immediate ruling and a letter to the court on May 13, 2014, but apparently did not receive a response to either the motion or letter, and to date the court has not

4

taken any action.  *Id.* at 5-6.  Applicant relies on *Harris v. Champion*, 15 F.3d 1538, 1554-57 (10th Cir. 1994), for his argument that the exhaustion requirement should be excused.

"[I]nexcusable or inordinate delay" by the state in adjudicating a direct criminal appeal "may make the state process ineffective to protect the petitioner's rights and excuse exhaustion."  *Harris v. Champion*, 15 F.3d 1538, 1555 (10th Cir. 1994) (internal quotation marks and citation omitted).  "[T]here is a rebuttable presumption that the State's process is not effective and, therefore, need not be exhausted, if a direct criminal appeal has been pending for more than two years."  *Id.* at 1546.  The two-year presumptive time is not "inflexible" and may be disregarded if warranted.  *Id.* at 1547.

Pursuant to *Harris v. Champion*, 48 F.3d 1127, 1132 (10th Cir. 1995), a delay of more than two years gives rise to a rebuttable presumption of the "(i) ineffectiveness of state appellate procedures sufficient to excuse exhaustion on the petitioner's underlying claims of unconstitutional trial error, and (ii) prejudice necessary to support an independent constitutional claim of deprivation of an effective direct appeal because of delay."  However, the two-year delay must be attributable to the state.  *Id.*

In *Vreeland v. Davis*, No. 12-cv-02039-BNB, 2013 WL 709068 (D. Colo. Feb. 26, 2013), this Court addressed Applicant's inordinate delay claim regarding his direct appeal and, based on *Harris,* found no unreasonable delay to support an independent due process claim, *see id.*, Docket No. 32 at 8-9.  Applicant's direct appeal now is final and any claims he raised in the direct appeal are exhausted.

The only alleged delay at issue now is Applicant's claim that he prepared and addressed a Rule 35© motion on April 2, 2014 which, according to the DOC mail log, was sent to the Douglas County District Court on April 3, 2014, as was a subsequent inquiry about the motion sent on May 13, 2014.  *See* May 1, 2015 Resp., Docket No. 32, at 5-6.

It is not clear whether an unreasonable delay in state postconviction proceedings can support an independent due process claim.  Furthermore, there is no federal constitutional right to postconviction review in the state courts.  *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987).  Even if Applicant could assert an inordinate or inexcusable delay in the processing of a postconviction motion, his procedural snarls and obstacles claims are meritless.

First, on March 4, 2015, counsel entered a notice of appearance in this case on Applicant's behalf.  If mailing a Rule 35© postconviction motion to the Douglas County District Court remained an issue on March 4, 2015, then Applicant's counsel could have delivered the motion for filing.  Furthermore, Applicant fails to assert why he did not attempt, after May 13, 2014, to resend his Rule 35© postconviction motion to the Douglas County District Court, especially after this Court found in the January 7, 2015 Order to Show Cause that his arguments provided no basis for waiving the exhaustion requirement for Claims Twenty-Seven (b)-(e) and Twenty-Eight.  *See* Docket No. 22 at 8.  Moreover, Applicant has not demonstrated that the motion and inquiry were ever received by the Douglas County District Court and the state is responsible for any delay.

6

Second, Applicant's denial of trial court records and trial transcripts claim does not demonstrate that his state postconviction litigation has been rendered ineffective. As Magistrate Judge Gallagher found in the January 7 Order, Applicant's concern about being foreclosed in future postconviction motions, without having access to the state court record, is only speculative.  Applicant fails to state any specific reason why trial court records or transcripts are necessary to attempt to resubmit his Rule 35© motion or to state ineffective assistance of counsel claims in a postconviction motion. Applicant also was present at the trial and the thirty-four claims of ineffective assistance of counsel presented in this action are sufficiently detailed.

Nothing in Applicant's Response supports a finding of inordinate and unjustified delay by the State.  Applicant, therefore, has failed to provide a sufficient basis for waiving the exhaustion requirement with respect to Claims Twenty Seven (b)-(e) and Twenty Eight.  Pursuant to Applicant's request that if the Court determines the exhaustion requirement may not be excused he be allowed to proceed with his other claims, the Court will dismiss Claims Twenty-Seven (b)-(e) and Twenty-Eight as unexhausted and proceed to address the remaining claims.

**B.  Remaining Claims**

The remaining claims are as follows:

1)  Forced to jury trial without counsel and notification in violation of Sixth Amendment;

2)  Forced by trial court to trial without counsel even though incompetent in violation of due process rights;

3)  Denial of substantive competency claim by trial court without hearing in violation of due process rights;

7

4)   Trial not held within six months of arrest in violation of speedy trial rights;

5)   Jury instructions did not include the date and location of the crime in violation of due process rights;

6)   Trial court and prosecutorial misconduct during trial in violation of Fifth, Sixth, and Fourteenth Amendment;

7)   Trial court made erroneous rulings excluding exculpatory evidence in violation of due process rights;

8)   Prosecution's reference to Applicant's right to testify, when Applicant's questioning of a witness was found to be testimony by Applicant, was a violation of First, Fifth, and Fourteenth Amendment and the right to remain silent;

9)   Prosecution entered evidence of alleged aliases and other criminal cases, which the trial court ignored or blamed on Applicant, in violation of due process rights;

10)  Trial court failed to limit the use of certain evidence by the jury regarding the age of state witnesses when they first met Applicant in violation of the Sixth and Fourteenth Amendments;

11)  Trial court allowed evidence concerning sexual relations between Applicant and two individuals that insinuated individuals were under eighteen in violation of the Sixth and Fourteenth Amendments;

12)  Trial court allowed a nonexpert to testify as an expert about the counter and clock in a Kodak camera and Applicant was not prepared to address the testimony in violation of the Sixth and Fourteenth Amendments;

13)  The fruits of an illegal search and seizure of Applicant's home were admitted into evidence in violation of the Fourth Amendment;

14)  The charging document or information failed to state the essential culpable mental state elements of the offense in violation of due process rights;

15)  The evidence was insufficient to support two convictions for exploitation in violation of federal due process;

16)   The evidence was insufficient to support a sexual assault conviction in violation of due process rights;

17)   The absence of a "non-consent" element from the sexual assault charge was error and violated the Sixth and Fourteenth Amendments;

18)   Subjection to multiple punishment for the same offense in violation of the Fifth and Fourteenth Amendments;

19)   Failure of the trial court to instruct the jury on statutory affirmative defense in violation of Sixth and Fourteenth Amendments;

20)   Jury instructions regarding child prostitution were nonsensical and did not support a life sentence in violation of due process rights;

21)   Trial judge refused to recuse in spite of proper motions to do so in violation of Fifth, Sixth, and Fourteenth Amendments;

22)   The evidence was insufficient to support two habitual criminal charges in violation of federal Constitution;

23)   The habitual criminal information used against Applicant is fatally defective and amendment of the information midtrial was improper and prejudicial in violation of the Fifth, Sixth, and Fourteenth Amendment rights;

24)   Admission of inadmissable hearsay at habitual trial hearing, which the trial court relied on, was in violation of the Fifth and Fourteenth Amendments;

25)   Imposition of a habitual criminal sentence by the trial court under C.R.S. § 18-1.3-801 was in violation of right to trial by jury and federal due process clause;

26)   No requirement to trial by jury in the habitual criminal statute violates Colorado Constitution, the United States Constitution, and the Sixth and Fourteenth Amendments;

29)   State's direct appeal and postconviction review rules restrict the raising of all federal rights claims in violation of the federal constitution;

30)     Trial court's statement regarding Al-Qaeda and terrorists on the
        first day of the trial, while pointing at Applicant, violated due
        process rights;

31)     Department of Corrections has denied Applicant's access to State
        court records, discoveries, court transcripts, and any of the
        "evidences" admitted in the criminal case in violation of due
        process and equal protection rights; and

32)     Actual Innocence.

## II.  STANDARDS OF REVIEW

The Court must construe liberally the Application and Reply because Applicant

submitted these filings *pro se*.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court does not act as

Plaintiff's advocate.  *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009)

(citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

Respondents concede that the action is timely and Claims One through Three,

Five, and Ten are exhausted, but contend that Claims Six through Nine, Eleven through

Twenty-Six, Twenty-Seven (a), Twenty-Nine, and Thirty are procedurally defaulted.

Respondents also argue that Claims Four, Thirty-One, and Thirty-Two are not

cognizable habeas claims and do not invoke the jurisdiction of the Court.

## III.  ANALYSIS OF CLAIMS

### A.  Cognizable Claims

#### 1.  Claim Four

In Claim Four, Applicant asserts that he was arrested in Iowa based on a warrant

and information issued by Douglas County, Colorado.  Docket No. 8 at 15.  Applicant

further contends that he was held from October 2004 until November 2006, over six

months, which prejudiced him due to lost evidence, death of two witnesses, and inability of witnesses to recall certain information when questioned at trial. *Id.* Respondents argue that Claim Four is not cognizable in a federal habeas action because the claim asserts only a violation of Colorado's state speedy trial statute and rule. Docket No. 17 at 12. Applicant, in his Reply, asserts that "as can be seen by the actual words of Claim 4, the speedy trial violation being raised" includes a federal speedy trial violation in the context of "clearly established extradition law." Docket No. 21 at 14-15.

The Court has reviewed Applicant's opening brief on appeal, Docket No. 17-4, and found that his speedy trial claim was presented to the Colorado Court of Appeals ("CCA") as violations of Colo. R. Crim. P. 48 and Colo. Rev. Stat. § 18-1-405(1). *Id.* at 1-6. A review of the CCA's decision regarding Applicant's speedy trial claim clearly shows that the claim was addressed as a violation of a state statutory right to a speedy trial. Docket No. 17-2 at 16-19. Nothing Applicant asserted in state court or in his claim in this action states a violation of his speedy trial rights under the Sixth Amendment.

As for a speedy trial claim based on extradition law, the Tenth Circuit has held that the "rights created by the IADA [Interstate Agreement on Detainees Act] are statutory, not fundamental, constitutional, or jurisdictional in nature." *Guesthouse v. United States*, 655 F.2d 1032, 1034 (10th Cir. 1981), *cert. denied*, 455 U.S. 926 (1982). Therefore, an alleged IADA violation might be proper grounds for habeas relief only if "special circumstances" exist. *Knox v. Wyoming Dep't of Corrections State Penitentiary Warden*, 34 F.3d 964, 967 (10th Cir. 1994) (quoting *Guesthouse*, 655 F.2d at 1034, *cert. denied*, 455 U.S. 926 (1982)); *cf. Reed v. Farley*, 512 U.S. 339, 353 (1994) (an

11

argument that a petitioner is entitled to habeas relief because the IADA's speedy trial

provision "effectuates a constitutional right" is "insubstantial" if there is no showing of

prejudice as is "required to establish a violation of the Sixth Amendment Speedy Trial

Clause.")  Nothing Applicant asserts in this action or in his state court filings sets forth

special circumstances or prejudice that would invoke the IADA's speedy trial provision.

The Court, therefore, will dismiss Claim Four as not cognizable in a federal

habeas action.

### 2. Claim Thirty-One

Applicant asserts that he has been denied the ability to access any state court

records, discovery, transcripts, and evidence required to prepare and litigate

postconviction pleadings.  Docket No. 8 at 36.  Applicant also asserts that he has been

denied the right to counsel either retained or appointed, apparently in his postconviction

proceeding.  *Id.*  Respondents argue that Claim Thirty-One is not cognizable because

there is no general federal constitutional right to postconviction review in state court.

Docket No. 17 at 12-13.  In the Reply, Applicant asserts that this claim is not a claim of

error, but of denial of access to the courts.  Docket No. 21 at 15-16.

Pursuant to *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987), there is no federal

constitutional right to postconviction review in the state courts.  A claim of constitutional

error that "focuses only on the State's post-conviction remedy and not the judgment

which provides the basis for [the applicant's] incarceration . . . states no cognizable

federal habeas claim."  *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also*

*Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that petitioner's challenge

to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding").

Applicant's claim that he was denied the ability to access any state court records, discovery, transcripts, evidence required to prepare and litigate postconviction pleadings, and appointment of counsel is not a *per se* federal constitutional claim and challenges the State's postconviction remedy.  Furthermore, as found above, the alleged denial of access to the courts based on Applicant's inability to obtain state court records, discovery, transcripts, and evidence is speculative.  The Court, therefore, will dismiss Claim Thirty-One as not cognizable in a federal habeas action.

### 3. Claim Thirty-Two

Applicant asserts he is actually innocent of all charges and the state court record demonstrates this innocence.  Docket No. 8 at 36.  Respondents argue that this is not a cognizable, free standing claim, especially in a noncapital case such as this one. Docket No. 17 at 13-14.  In his Reply, Applicant contends his innocence claim is not a stand alone claim, but is supported by his thirty other claims.  Docket No. 21 at 17.

"Claims of actual innocence are subject to an exacting standard, and in most cases, are simply not cognizable through habeas petitions."  *See Allen v. Beck*, 179 F. App'x 548, 550 (10th Cir. 2006).  Generally, claims of actual innocence are not constitutional claims and do not provide a basis for federal habeas relief unless grounded in or connected to an independent constitutional claim.  *See Herrera v. Collins*, 506 U.S. 390 (1993); *LaFevers v. Gibson*, 238 F.3d 1263, 1265 n.4 (10th Cir. 2001) (assertion of actual innocence "does not, standing alone, support the granting of

the writ of habeas corpus"); *Sellers v. Ward*, 135 F.3d at 1338. While innocence may be material when an applicant is subject to threshold obstacles, such as the statute of limitations or procedural default, innocence alone does not justify the issuance of a writ of habeas corpus. *Schlup v. Delo*, 513 U.S. 298, 315 (1995) (holding that a habeas applicant's "claim of innocence does not by itself provide a basis for relief").

Applicant bases his innocence claim on a conclusory statement that the state court record and his other thirty claims demonstrate his innocence. Claim Thirty-Two, therefore, is a stand alone claim of actual innocence and fails to provide a basis for federal habeas relief that is grounded in or connected to an independent constitutional claim. *Herrera*, 506 U.S. 390. Such a freestanding claim of actual innocence is not available in a noncapital case. *Allen*, 179 F. App'x at 551.

As a result, the Court will dismiss Claim Thirty-Two as not cognizable in a federal habeas action.

## B. Procedurally Defaulted Claims

### 1. Claims Six through Nine, Eleven through Twenty-Six, Twenty-Seven (a), Twenty-Nine, and Thirty

Respondents argue that these claims are procedurally defaulted because Applicant could have, but did not, fairly present them in his direct appeal, and state rules preclude him from raising them in the future. Docket No. 17 at 19. Respondents further argue that Applicant initially submitted an opening brief that was 39,010 words long, which does not comply with the Colo. App. Rule limit of 9,500 words. *Id.* The brief was stricken, but the CCA granted Applicant leave to file a brief not to exceed 13,500 words, which he did, and the CCA accepted the amended brief. *Id.*

Respondents also assert that Claims Eleven, Twenty-One, Twenty-Seven (a), and Thirty were not presented in either the compliant or the noncompliant brief, but according to state law are claims that are properly presented and considered on direct appeal. *Id.* at 21.

Respondents contend that, because Applicant could have but did not fairly present these claims on direct appeal, the claims now are procedurally defaulted pursuant to Colo. R. Crim. P. 35(c)(3)(VII), which requires the Colorado courts to dismiss any claim that could have been raised on direct appeal. Respondents further contend that the word limitation is an independent and adequate state rule that supports a procedural default pursuant to *Lebere v. Abbott,* 732 F.3d 1224, 1233 (10th Cir. 2013) (recognizing this rule as proper basis of procedural default); *Burton v. Zavaras*, 340 F. App'x 453, 454-55 (10th Cir. 2009), and *Williams v. Broaddus*, 331 F. App'x 560, 563 (10th Cir. 2009). *Id.* at 23-24.

In his Reply, Applicant argues that he fairly presented his opening brief along with the motion for enlargement of the word limit in satisfaction of the law. Docket No. 21 at 18. Applicant further argues that the CCA chose to pass on the issues raised in the original brief for procedural reasons and, in light of Colorado Appellate Rule 51.1, the State now has to waive its "right to claim non-exhaustion of these claims." *Id.* Applicant contends that his 39,000 word brief was compliant because the law "simply states that opening briefs are to be no more than 9,500 words without the court's permission, [and] in this case, Petitioner requested that permission by presenting the claims to the court." *Id.* at 21. Applicant further contends that the CCA forced appellate

counsel to cut the brief, which resulted in nonexhaustion and ineffective assistance of counsel. *Id.* Finally, Applicant contends that the State of Colorado may not refuse to hear claims presented to it based on an alleged violation of a word limit and then argue these claims are now procedurally defaulted. *Id.*

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. People*, 489 U.S. 346, 351 (1989).

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998); *see also Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *Coleman v. Thompson*, 501 U.S. 722, 730 (1991).

A federal court may proceed to the merits of a procedurally defaulted habeas claim if the applicant establishes either cause for default and actual prejudice or fundamental miscarriage of justice when the merits of a claim are not reached. *See Demarest v. Price*, 130 F.3d 922, 941 (10th Cir. 1997). Applicant's *pro se* status does

not exempt him from the requirement of demonstrating cause for the default and actual prejudice or failure as a result of the alleged violation of federal law or demonstrating that failure to consider the claims will result in a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Applicant must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).  "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]."  *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted).  Ineffective assistance of counsel may establish cause excusing a procedural default.  *Jackson*, 143 F.3d at 1319.

A page limitation does not constitute cause for Applicant's default of Claims Six through Nine, Eleven through Twenty-Six, Twenty-Seven (a), Twenty-Nine, and Thirty. *See Trujillo v. Ploughe*, 475 F. App'x 261, 266-67 (10th Cir. 2012).  In *Trujillo*, the Tenth Circuit relied on *Nielsen v. Price*, 17 F.3d 1276 (10th Cir. 1994), for the basis of its decision.  *Id.  Nielson* found that "pro se parties [must] follow the same rules of procedure that govern other litigants."  *Nielsen*, 17 F.3d at 1277.  Under Colorado law, a page limitation is an independent and adequate state procedural ground for finding procedural default. Applicant, therefore, has failed to show cause for the procedural default of Claims Six through Nine, Eleven through Twenty-Six, Twenty-Seven (a), Twenty-Nine, and Thirty.  He has not demonstrated that some objective factor external

17

to the defense impeded counsel's efforts to comply with the State's procedural rule and that he has presented this argument to the state courts as an independent claim.

To show prejudice, an applicant must demonstrate that he suffered "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750. Nothing Applicant asserts demonstrates actual prejudice based on his failure to provide a compliant brief that included Claims Six through Nine, Eleven through Twenty-Six, Twenty-Seven (a), Twenty-Nine, and Thirty.

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A fundamental miscarriage of justice provides only "a narrow exception to the cause requirement where a constitutional violation has probably resulted in the conviction of one who is actually innocent of the substantive offense." *Dretke v. Haley*, 541 U.S. 386, 393 (2004) (citations and internal quotation marks omitted).

In order to demonstrate a fundamental miscarriage of justice, Applicant first must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schulp*, 513 U.S. at 324. Applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

In Claim Thirty-Two, Applicant asserts that he is actually innocent of all charges filed against him and all other claims support his innocence. *See* Docket Nos. 8 at 36 and 21 at 17. Applicant, however, relies only on the evidence in the state court record for his claim of innocence and presents no new reliable evidence as a basis for his innocence. *Id.* Applicant, therefore, fails to demonstrate a fundamental miscarriage of justice.

Because Applicant has failed to show cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the failure to consider his claim will result in a fundamental miscarriage of justice, Claims Six through Nine, Eleven through Twenty-six, Twenty-Seven (a), Twenty-Nine, and Thirty will be dismissed as procedurally defaulted and barred from federal habeas review.

## IV. CONCLUSION

After preliminary consideration of the Application for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 [Docket No. 1], it is

**ORDERED** that Claims Six through Nine, Eleven through Twenty-Six, Twenty-Seven (a), Twenty-Nine, and Thirty are dismissed as procedurally barred from federal habeas review. It is further

**ORDERED** that Claims Four, Thirty-One, and Thirty-Two are dismissed as not cognizable in a federal habeas action. It is further

**ORDERED** that Claims Twenty-Seven (b)-(e) and Twenty-Eight are dismissed as unexhausted. It is further

19

**ORDERED** that within thirty days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of Claims One through Three, Five, and Ten.  It is further

**ORDERED** that within thirty days of the filing of an answer Applicant may file a reply if he desires.  It is further

**ORDERED** that, within thirty days from the date of this Order, the Respondents shall file with the Clerk of the Court, in electronic format if available, a copy of the complete record of Applicant's state court proceedings in Douglas County District Court case number 04CR706, including all documents in the state court file and transcripts of all proceedings conducted in the state court, including physical evidence that is relevant to the asserted claims.  It is further

**ORDERED** that the Clerk of the Court is directed to send copies of this Order to the following:

(1)     Clerk of the Court
         Douglas County District Court
         4000 Justice Way Ste. 2009
         Castle Rock, Colorado 80109; and

(2)     Court Services Manager
         State Court Administrator's Office
         101 W. Colfax, Ste. 500
         Denver, Colorado  80202.

DATED December 21, 2015.

BY THE COURT:


 s/Philip A. Brimmer_____
PHILIP A. BRIMMER
United States District Judge