IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 14-cv-02175-PAB

DELMART E. J. M. VREELAND, II,

    Applicant,

v.

DAVID ZUPAN and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

# ORDER

---

    This matter is before me on the "Motion for Relief from Judgment and Orders Pursuant to Federal Rules of Civil Procedure Rule 60(b) and (d)," Docket No. 102, the "Motion to Resolve Claim of Hostility and Bias Against Petitioner by Chief Judge Philip A. Brimmer," Docket No. 100, and the "Motion to Exceed Page Limits on Motion for Relief from Judgment," Docket No. 101, filed *pro se* by Applicant.

    Applicant is a prisoner in the custody of the Colorado Department of Corrections. He initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his criminal conviction in Case No. 04CR706 in the District Court for Douglas County, Colorado. On September 29, 2014, pursuant to Court order, Applicant filed an Amended Application, which asserted thirty-two claims, of which one had five subparts. The September 29 Amended Application was the operative pleading in this action. On December 21, 2015, I determined that (1) Claims Six through Nine, Eleven through Twenty-Six, subpart (a) of Twenty-Seven,

Twenty-Nine and Thirty are procedurally barred from federal habeas review; (2) Claims Four, Thirty-One, and Thirty-Two are not cognizable in a federal habeas action; and (3) subparts (b)-(e)of Claim Twenty-Seven and Claim Twenty-Eight are unexhausted. I directed Respondents to file an answer that fully addressed the merits of remaining Claims One through Three, Five, and Ten. In an eighty-six-page order, I found that each remaining claim lacked merit. Docket No. 75. I therefore denied the Application, dismissed the action with prejudice, and found no basis to issue a certified of appealability pursuant to 28 U.S.C. § 2253(c). *Id.*

Applicant filed a Notice of Appeal. Docket No. 77. The United States Court of Appeals for the Tenth Circuit (1) affirmed this Court's denial of relief on Applicant's Sixth Amendment Claim and (2) denied Applicant's certificate of appealability on his due process and actual innocence claims, which resulted in the dismissal of the remainder of the appeal. *Vreeland v. Zupan, et al.*, No. 16-1503 (10th Cir. Oct. 9, 2018). Applicant petitioned the U.S. Supreme Court for certiorari review. The petition was denied on April 15, 2019. *See* Docket No. 91.

First, I will address Applicant's Motion to Resolve Claim of Hostility and Bias Against Petitioner by Chief Judge Philip A. Brimmer, Docket No. 100. Applicant does not request that I recuse myself from this case in the Motion to Resolve. Instead, Applicant claims the attorneys who represented him in this case told him that I was biased and prejudiced against him. He further claims that his attorneys charged him "excessive huge fees." I will deny the Motion to the extent Applicant is attempting to raise a claim against his attorneys for any negligence and deception. "The

2

ineffectiveness or incompetence of counsel during Federal or State collateral postconviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i).

To the extent that Applicant is alleging that I am biased or prejudiced in this action, 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse himself or herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party. Section 144 requires the moving party to submit a timely and sufficient affidavit of personal bias and prejudice. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (per curiam). Although a court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party. *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988). The moving party has a substantial burden "to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

Section 455(a) of Title 28 provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Pursuant to § 455, a court is not required to accept the factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."

*Glass*, 849 F.2d at 1268 (internal quotation marks omitted). The standard is objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Applicant has not submitted a timely and sufficient affidavit of personal bias and prejudice. "[B]aseless personal attacks on or suits against the judge by a party" do not mandate recusal in a case in which the judge is not a party. *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995). Furthermore, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). I find no basis for recusing myself in this case for the purpose of reviewing Applicant's Motion for Relief from Final Judgment.

Second, I will address the Motion for Relief from Judgment and Orders Pursuant to Federal Rules of Civil Procedure Rule 60(b) and (d) [Docket No. 102]. In the Preliminary Statement section of the 173-page Motion for Relief from Final Judgment, *see* Docket No. 102 at 1-2, Applicant asserts that the motion is a challenge to the integrity of the habeas corpus proceedings held in this Court. Applicant further asserts that he is not attempting to litigate new claims or relitigate prior claims but is challenging the integrity of his counsel and Respondents' counsel. Docket No. 102 at 1. Applicant also asserts that the Court's "decision making process was corrupted" because Respondents withheld requested evidence. *Id.* Finally, Applicant contends that the Tenth Circuit's decision-making process was also corrupted for the same reasons and he is entitled to an evidentiary hearing on the motion. *Id.* at 2.

I must construe the Motion for Relief from Judgment liberally because Applicant

4

is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, I will deny the motion.

First, I must determine whether the motion is a second or successive habeas corpus application or a true Rule 60(b) motion. *See Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). Distinguishing between a true Rule 60(b) motion and a second or successive habeas application turns on the "relief sought, not [the] pleading's title." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006). A Rule 60(b) motion "is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the [applicant's] underlying conviction." *Spitznas*, 464 F.3d at 1215. A Rule 60(b) motion is a true 60(b) motion if it either "challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application" or "challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id.* at 1215-16.

Applicant's request for an evidentiary hearing to review additional evidence, allegedly not presented previously, would inextricably lead to a merits-based attack on the disposition of the September 29, 2014 Amended Application and is successive. Therefore, I do not have jurisdiction to consider the arguments Applicant raises in the motion.

Even if I construed the motion as a true Rule 60(b) motion, relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v.*

5

*Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994). The sort of extraordinary circumstances sufficient to justify relief under Rule 60(b) "will rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). Furthermore, if the finality of judgments is to be preserved a strict interpretation of Rule 60(b) is required. *Id.* Rule 60(b) contains the requirements that the motion "be made within a reasonable time" and that open-ended grounds of relief (excusable neglect, newly discovered evidence, and fraud) are asserted within a one-year deadline. *Gonzalez*, 545 U.S. at 535.

Here, Applicant was sent a copy of the December 20, 2016 Order dismissing the action. *See* Display Receipt for Docket No. 75. It is not reasonable that Applicant waited until now to raise his claims. Upon consideration of the Motion for Relief from Judgment and the entire file, I find that Applicant fails to demonstrate any extraordinary circumstances that would justify relief in this action.

Nonetheless, I will deny the Motion for Relief from Judgment for lack of jurisdiction to consider the arguments raised in the Motion. Accordingly, it is

**ORDERED** that Applicant's Motion to Resolve Claim of Hostility and Bias Against Petitioner by Chief Judge Philp A. Brimmer, Docket No. 100, is DENIED. It is further

**ORDERED** that Applicant's Motion for Relief from Judgment and Orders Pursuant to Fed. R. Civ. P. 60(b) and (d), Docket No. 102, is DENIED for lack of jurisdiction. It is further

**ORDERED** that Applicant's Motion to Exceed Page Limits on Motion for Relief from Judgment, Docket No. 101, is DENIED as moot.

DATED July 2, 2019.

BY THE COURT:

　s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge