IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 14-cv-02175-PAB

DELMART E.J.M. VREELAND, II,

      Applicant,

v.

DAVID ZUPAN, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

**ORDER**

---

This Matter is before the Court on applicant's Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(6) Based upon Extraordinary Circumstances [Docket No. 126] (the "First Rule 60(b) Motion"), Motion for Relief and to Vacate Judgment Pursuant to Fed. R. Civ. P. 60(b) [Docket No. 129] (the "Second Rule 60(b) Motion"), Motion for Release on Bail Pending Litigation of Motion for Relief from Judgment based upon Extraordinary Circumstances Motion for Relief and to Vacate Judgment Pursuant to Fed. R. Civ. P. Rule 60(b) New Application for Habeas Corpus Relief Under 28 U.S.C. 2254 or U.S.C. 2241 and/or any Appellate Proceedings Relevant to any of the Above Litigation [Docket No. 131] (the "Bail Motion"), and Motion to Chief Judge P.A. Brimmer to Take Judicial Notice of Attached Public Record Photographic Evidence in Support of Motion for Relief from Judgment (ECF 126) and Motion for Release on Recognizance Bail [Docket No. 132] (the "Judicial Notice Motion").   Respondents filed a response to applicant's First Rule 60(b) Motion, Docket No. 137, and a combined

response to applicant's Second Rule 60(b) Motion and Bail Motion.   Docket No. 138.

Applicant filed a combined reply in support of his First Rule 60(b) Motion and his

Second Rule 60(b) Motion, Docket No. 147,[1] and a reply in support of his bail motion.

Docket No. 146.

## I. BACKGROUND[2]

Applicant is a prisoner in the custody of the Colorado Department of Corrections.

*See* Docket No. 126 at 12.   On August 6, 2014, applicant initiated this action by filing

an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging

the validity of his criminal conviction in Case No. 04CR706 in the District Court for

Douglas County, Colorado.   Docket No. 1 at 1-2.   On September 29, 2014, pursuant to

court order, *see* Docket No. 5 at 2, applicant filed an amended application, which

asserted thirty-two claims, of which one had five subparts.   Docket No. 8.   On

December 21, 2015, the Court dismissed claims six through nine, eleven through

twenty-six, subpart (a) of twenty-seven, twenty-nine, and thirty as procedurally barred

from federal habeas review; claims four, thirty-one, and thirty-two because they are not

cognizable in a federal habeas action; and subparts (b)-(e) of claim twenty-seven and

claim twenty-eight as unexhausted.   Docket No. 46 at 19-20.   The Court ordered

respondents to file an answer that fully addressed the merits of the remaining claims

one through three, five, and ten.   *Id.* at 20.   Upon review, the Court denied the

---

[1] Applicant filed two replies in support of Docket Nos. 126 and 129.   Docket Nos. 145 and 147.   The replies appear identical, except that Docket No. 147 includes exhibits.   *See id.*; Docket Nos. 147-1-147-7.   The Court will cite to Docket No. 147 and its attached exhibits.

[2] These facts are taken in part from the Court's order on July 2, 2019.   *See* Docket No. 103 at 1-2.

application, dismissed the action with prejudice, and found no basis to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because each remaining claim lacked merit.   Docket No. 75.

Applicant filed a Notice of Appeal.   Docket No. 77.   The United States Court of Appeals for the Tenth Circuit (1) affirmed the Court's denial of relief on applicant's Sixth Amendment claim and (2) denied applicant's certificate of appealability on his due process and actual innocence claims, which resulted in the dismissal of the remainder of the appeal.   *Vreeland v. Zupan*, 906 F.3d 866 (10th Cir. 2018).   On February 19, 2019, applicant petitioned the U.S. Supreme Court for certiorari review.   Docket No. 90. That petition was denied on April 15, 2019.   *See* Docket No. 91.

On June 14, 2019, applicant filed a motion under Fed. R. Civ. P. 60(b) and (d) arguing that the Court's order denying applicant's habeas petition was corrupted by applicant's attorney and respondents' attorney not providing relevant evidence.   Docket No. 102 at 1-2, ¶¶ 3, 5.   The Court denied applicant's motion, ruling it was a successive habeas petition that the Court did not have jurisdiction to consider.   Docket No. 103 at 5.   Applicant appealed the Court's order on his Rule 60(b) and (d) motion.   Docket No. 104.   On January 24, 2020, the Tenth Circuit denied applicant's request for a certificate of appealability.   Docket No. 116 at 9.

On November 14, 2022, applicant filed a motion in the Tenth Circuit seeking authorization to file a successive habeas petition.   Docket No. 124-1.   On December 5, 2022, the Tenth Circuit denied applicant's motion for authorization.   Docket No. 125. Applicant subsequently filed his First Rule 60(b) Motion on December 28, 2022, his Second Rule 60(b) Motion, Bail Motion, and Judicial Notice Motion on January 23,

2023.   Docket Nos. 126, 129, 131, and 132.

## II. ANALYSIS

### A. Rule 60(b) Motions

Applicant has filed two motions under Federal Rule of Civil Procedure 60(b).   Docket Nos. 126 and 129.   Applicant's First Rule 60(b) Motion requests "an order granting relief from judgment pursuant to Fed. R. Civ. P. Rule 60(b)(6) and allow Petitioner to either amend a past jurisdictional claim, or to amend to present a jurisdictional claim, and/or for whatever relief this Court can provide consistent with law and Constitution." Docket No. 126 at 12.   Applicant's Second Rule 60(b) Motion states "two additional issues were discovered" after he filed his first Rule 60(b) Motion and requests "an order vacating the final judgment" in this case finding that the judgment is void.   Docket No. 129 at 2, 5.

#### 1. Legal Standard

The Supreme Court has ruled a Rule 60(b) motion is appropriately characterized as a second or successive § 2255 motion if it attacks a federal court's denial of habeas relief on the merits.   *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).   A motion is a proper Rule 60(b) motion if, instead of questioning the merits of a previous order, it "challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, . . . or []challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition."   *Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (citing *Gonzalez*, 545 U.S. at 532 n.4).   If the court determines a motion is a second or successive habeas motion, the court must either

dismiss the motion without prejudice or transfer the motion to the Tenth Circuit pursuant to 28 U.S.C. § 1631.   *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).   The court may not rule on a successive § 2255 claim unless authorized by the Tenth Circuit.   *See id.* at 1252.   If, however, a court determines a motion is a proper Rule 60(b) motion, it can rule on the merits.   *Spitznas*, 464 F.3d at 1215-16.

Rule 60(b) states that a court may relieve a party from final judgment under certain limited circumstances.   Fed. R. Civ. P. 60(b).   Relief after judgment is discretionary and only appropriate for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."   *Id.*   A Rule 60(b) motion must be made within a reasonable time, and motions made under Rule 60(b)(1)-(3) must be filed within one year of the entry of judgment. Fed. R. Civ. P. 60(c).

Because such relief is "extraordinary and may only be granted in exceptional circumstances," *Servants of the Paraclete v. John Does*, 204 F.3d 1005, 1009 (10th Cir. 2000), parties seeking relief under Rule 60(b) have a high hurdle to overcome; a Rule 60(b) motion should not be treated as a substitute for an appeal.   *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005).   Rule 60(b)(6) has been described as a "grand reservoir of equitable power to do justice in a particular case."

*Pierce v. Cook & Co., Inc.*, 518 F.2d 720, 722 (10th Cir. 1975) (en banc) (citation omitted).   Relief under Rule 60(b)(6) is appropriate when circumstances are so "unusual or compelling" that extraordinary relief is warranted or when it "offends justice" to deny such relief.   *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996).   "Rule 60(b)(6) relief may not be premised on one of the grounds enumerated in clause (b)(1) through (b)(5))."   *Spitznas*, 464 F.3d at 1225 n.11 (citing *State Bank of S. Utah v. Gledhill (In re Gledhill*), 76 F.3d 1070, 1080 (10th Cir. 1996)).   "[A] successive Rule 60(b) motion . . . [is an] inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion.   Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed."   *Servants of the Paraclete*, 204 F.3d at 1012.

### 2. Analysis

Applicant's First Rule 60(b) Motion states that, in his original application, "Petitioner's counsel chose to proceed with exhausted claims only; having no clue, by no fault of his own, that as the state court proceeded in absence of jurisdiction there was an argument to be made as to a waiver of exhaustion rule."   Docket No. 126 at 8.   Applicant claims he received court materials in 2022 that revealed a motion he made in his criminal case arguing that the court lacked jurisdiction over non-financial charges.   *Id.* at 2.   Applicant claims he uncovered telephone calls that demonstrate his attorney hid his jurisdictional motion.   *Id.* at 6-7, 10.   Applicant argues that "[h]ad the materials been known to exist in 2014 they would have been provided and the claim made."   *Id.* at 8.

Applicant's Second Rule 60(b) Motion states "the original habeas corpus proceeding in this Court should be void as it was rendered without jurisdiction because no final judgment of conviction has yet to be rendered in Douglas County case 04cr706, and absent final judgment, there is no judgment for a federal habeas court to review." Docket No. 129 at 2.

Applicant's Rule 60(b) motions are filed subsequent to a habeas petition, so the Court must evaluate whether the motions are true Rule 60(b) motions or successive habeas petitions.   *Spitznas*, 464 F.3d at 1215-16.   Additionally, applicant has already filed a Rule 60(b) motion in this case.   Docket No. 103.   To the extent the motions are made under Rule 60(b), the Court will evaluate them as successive Rule 60(b) motions. *Servants of the Paraclete*, 204 F.3d at 1012.

### a.  Applicant's First Rule 60(b) Motion

Applicant's First Rule 60(b) Motion does not provide a clear argument why his motion should not be considered as a second or successive habeas application.   He states "there is authority for both" a second habeas petition and a Rule 60(b) motion, "but Rule 60 is the quickest avenue."   Docket No. 126 at 2.   Respondents argue applicant's motion is a second or successive petition because applicant asks the Court to "review a new claim that the state trial court did not have subject matter or personal jurisdiction to bring him to trial."   Docket No. 137 at 7, ¶ 9.   In his reply, applicant argues his "motion solely requests Rule 60 relief as the integrity of the original habeas application was corrupted by state conduct."   Docket No. 147 at 6, ¶ 22.   Specifically, applicant states that he "does not ask the Court to address, re-address, or reconsider any prior merit, or non-merit based ruling, and/or to address or grant relief from any new claim of

Constitutional error regarding the state court judgment" and that he "only asks this Court to reconsider its judgment on the prior habeas petition based on extraordinary circumstances."   *Id.*, ¶¶ 24-25.

In *Spitznas*, the court stated:

> examples of Rule 60(b) motions that should be treated as second or successive habeas petitions because they assert or reassert a federal basis for relief from the underlying conviction include: a motion seeking to present a claim of constitutional error omitted from the movant's initial habeas petition, a motion seeking leave to present newly discovered evidence in order to advance the merits of a claim previously denied, or a motion seeking vindication of a habeas claim by challenging the habeas court's previous ruling on the merits of that claim.

464 F.3d at 1216 (internal citations, quotations, and alterations omitted).   The court also stated that "a motion asserting that the federal district court incorrectly dismissed a petition for failure to exhaust, procedural bar, or because of the statute of limitations constitutes a true [Rule] 60(b) motion."   *Id.*   The court described a relevant possibility:

> A Rule 60(b) motion asserting fraud or other defect in the integrity of the federal habeas proceeding may also constitute a true 60(b) motion, although this type of motion requires a more nuanced analysis.   For example, whether a 60(b) motion that alleges a defect in the integrity of the habeas proceeding based upon a claim of fraud on the court constitutes a true 60(b) motion depends on the fraud alleged.   If the alleged fraud on the court relates *solely* to fraud perpetrated on the federal habeas court, then the motion will be considered a true 60(b) motion. . . . However, if the fraud on the habeas court includes (or necessarily implies) related fraud on the state court (or the federal district court that convicted and/or sentenced the movant in the case of a § 2255 motion), then the motion will ordinarily be considered a second or successive petition because any ruling would inextricably challenge the underlying conviction proceeding.

*Id.*

The Court understands applicant's First Rule 60(b) Motion to argue that the integrity of the Court's habeas proceedings was corrupted by missing evidence, partially based

on fraud by the state court.   Docket No. 126 at 6-8.   Thus, applicant's argument is contained in a motion that *Spitznas* said should be considered as second or successive habeas petition, namely, a motion seeking leave to present newly discovered evidence in order to advance the merits of a claim previously denied.   464 F.3d at 1216; *see also Dopp v. Martin*, 750 F. App'x 754, 757 (10th Cir. 2018) (unpublished) ("the jurisdictional nature of [applicant's] claim does not exempt his § 2254 application from dismissal for lack of jurisdiction as a successive and unauthorized application.").   Because applicant's motion is properly considered as a second or successive petition, the Court lacks jurisdiction to consider its merits.

When the Court determines that it lacks jurisdiction over a habeas petition, "it 'shall, *if it is in the interest of justice*, transfer such action or appeal to any other such court in which the action or appeal could have been brought.'"   *In re Cline*, 531 F.3d at 1251 (quoting 28 U.S.C. § 1631).   "Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction."   *Id.* (citing *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.6 (10th Cir. 2006)).   Applicant does not argue the Court should transfer his motion to the Tenth Circuit.   *See* Docket No. 126.

On November 14, 2022, before filing his First Rule 60(b) Motion in this Court, applicant filed a motion in the Tenth Circuit seeking to file a second or successive habeas petition, arguing the "[s]tate trial court proceeded to trial, entered judgment, conviction[,] and sentence in total absence of jurisdiction or lawful venue."   Docket No.

124-1 at 16.   In support of his motion, applicant cited the discovery of new evidence, namely, a copy of the motion he filed in 2006 that was allegedly discovered by two legal assistants in June 2022.   *Id.* at 28.   This is the same argument presented in plaintiff's First Rule 60(b) Motion.   The Tenth Circuit denied applicant's request stating, "[b]ecause Mr. Vreeland knew the factual predicate for his proposed successive claim in 2006, he has not shown he can meet the requirements for authorization" for a successive petition.   Docket No. 125 at 2.   Applicant provides no reason why his First Rule 60(b) Motion presents a different argument than the one he presented to the Tenth Circuit.   Because the Tenth Circuit has already denied applicant's request to file a successive petition on the same evidence and argument,[3] the Court finds it would not be in the interests of justice to transfer his First Rule 60(b) Motion to the Tenth Circuit.

### b. Applicant's Second Rule 60(b) Motion

Applicant's Second Rule 60(b) Motion argues that this Court did not have jurisdiction to evaluate applicant's habeas petition because final judgment was never entered in his criminal case.   Docket No. 129 at 5.   The essence of applicant's argument is that final judgment did not enter because no restitution was ordered and, under Colorado law, judgment is not final until restitution has been entered.   *Id.* at 4.   Applicant argues that, under Rule 60(b)(4), he is entitled to relief because this Court's order on his habeas

---

[3] Where "courts have repeatedly explained [] the statutory authorization requirements [for a district court to consider a second or successive petition], . . . a district court might well conclude that [applicant's] most recent unauthorized filing was not made in good faith."   *In re Cline*, 531 F.3d at 1252.   Because applicant filed this motion after being denied a certificate of appealability on the same facts without explaining why this argument does not constitute a successive habeas petition, the Court can assume this motion was not filed in good faith as an additional grounds to decline to transfer applicant's motion.

application, Docket No. 75, is void.   Docket No. 129 at 5.   *Spitznas* acknowledged that challenges to an order as void pursuant to Rule 60(b)(4) are true Rule 60(b) motions and not second or successive habeas petitions.   464 F.3d at 1216.   The Court, therefore, may address the merits of applicant's argument.

Respondents claim that applicant made the same argument in state court and that a state court found his argument to lack legal merit.   Docket No. 138 at 5, ¶ 10. Respondents argue that the Court is bound by the state court's ruling.   *Id.*   Applicant's reply argues that respondents fail "to cite any decisional law on the merits of finality of judgment."   Docket No. 147 at 13, ¶ 52.

Applicant's argument fails for two reasons.   First, under Colorado law, a sentence that does not address restitution is still considered final.   Applicant relies on *People v. Rosales*, 134 P.3d 429, 431-32 (Colo. App. 2005), Docket No. 129 at 3, which "concluded that a judgment of conviction is not final until sentence is imposed, that restitution is a mandatory part of a sentence, and that sentencing is not final until restitution is ordered."   *People v. Dunlap*, 222 P.3d 364, 369 (Colo. App. 2009).   In *Rosales*, "the defect in the sentence—failure to include restitution—was discovered and addressed before the conclusion of defendant's direct appeal."   *Dunlap,* 22 P.3d at 369.   *Dunlap*, however, held that a "claim that an illegal sentence has been imposed because of a failure to consider or fix restitution does not affect the finality of [a] judgment of conviction."   *Id.* at 366.

Applicant also cites *Leyva v. People*, 184 P.3d 48 (Colo. 2008), for the proposition that, "[w]hen an original judgment of conviction contains an illegal sentence on one count, the entire sentence is illegal."   Docket No. 147 at 13, ¶ 53.   The Colorado

Supreme Court has subsequently explained that "*Leyva* incorrectly stated that a conviction is not final until a sentence is lawful." *Hunsaker v. People*, 500 P.3d 1110, 1114 (Colo. 2021). *Hunsaker* "disavow[ed] the notion that a 'conviction' does not occur until an illegal sentence is corrected." *Id*. at 1116.

Second, applicant does not demonstrate whether a judgment that is final for purposes of Colorado law is also dispositive of whether the judgment is final for purposes of this Court's habeas review. Courts in the Tenth Circuit have held that, even if a state court judgment is void for lack of jurisdiction, it does not mean that the judgment is not final for the purpose of federal habeas review. *See Owens v. Whitten*, 637 F. Supp. 3d 1245, 1251 (N.D. Okla. 2022) ("even assuming Owens could establish that his conviction is 'void' for lack of jurisdiction, that does not mean that his conviction could not be 'final' as that term is used in § 2244(d)(1)(A). The plain text of § 2244(d)(1)(A) provides that a state-court judgment is 'final' when the petitioner can no longer seek direct review of that judgment."); *Warnick v. Harpe*, 2022 WL 16646708, at *3 (10th Cir. Nov. 3, 2022) (unpublished) ("Mr. Warnick argues his state judgment could not be 'final' because it was 'void' where the state court lacked the jurisdiction to convict him. We disagree. A judgment becomes final 'by the conclusion of direct review or the expiration of the time for seeking such review.'" (quoting 28 U.S.C. § 2244(d)(1)(A))). Applicant provides no reason why this Court's judgment is void, and the Court will decline to grant relief under Rule 60(b)(4). Thus, the Court will deny applicant's Second Rule 60(b) Motion.

**B. Bail Motion and Judicial Notice Motion**

Applicant's Bail Motion seeks "an order granting Petitioner's immediate release on

recognizance bail pending all further litigation as it pertains to Petitioner's two Rule 60 relief requests, and/or new habeas application relief request, and/or any possible appeals associated therewith."   Docket No. 131 at 8, ¶ 37.

"Despite the lack of specific statutory authority, it is within the inherent power of a federal district court to enlarge a state prisoner on bond, pending hearing and decision on a petition for habeas relief."   *Pfaff v. Wells*, 648 F.2d 689, 693 (10th Cir. 1981) (citation omitted).   "However, a showing of exceptional circumstances must be made for such relief, or a demonstration of a clear case on the merits of the habeas petition." *Id.*   "Release on bail pending disposition of the habeas petition, or pending appeal, requires the habeas petitioner to show not only a substantial federal constitutional claim that presents not merely a clear case on the law, but a clear, and readily evident, case on the facts, but also the existence of some circumstances making the request exceptional and deserving of special treatment in the interests of justice."   *Martin v. Solem*, 801 F.2d 324, 329 (8th Cir. 1986) (citations, quotations, and alteration marks omitted).   "There will be few occasions where a prisoner will meet this standard."   *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).   "Exceptional circumstances" that courts have recognized as warranting release on bail pending review of a petition for habeas corpus include serious medical conditions, *see Johnston v. Marsh*, 227 F.2d 528, 529 (3d Cir. 1955) (finding exceptional circumstances existed where the prisoner was "an advanced diabetic, [who] was, under conditions of confinement, rapidly progressing toward total blindness,"), and a sentence that is so short that, were bail denied, the petitioner would necessarily serve the entirety of the challenged sentence before resolution of his habeas petition.   *Boyer v. City of Orlando*, 402 F.2d 966, 968 (5th Cir.

1968).

Here, to the extent applicant seeks to be released based on his First Rule 60(b) Motion, the Court has found that motion is a second or successive petition that the Court may not consider on the merits.   Applicant provides no authority suggesting that the Court may exercise jurisdiction to consider the merits of a successive petition and release him on bond.   Moreover, for the reasons stated above, the Court finds applicant cannot make a strong showing on the merits of his Second Rule 60(b) Motion. Because applicant has not demonstrated a clear case for habeas relief on the merits, the Court does not consider whether applicant has raised "exceptional circumstances" that justify his release on bail pending resolution of this application.   *Pfaff*, 648 F.2d at 693.   Thus, the Court will deny applicant's request to be released on bond based on his Second Rule 60(b) Motion.

Applicant's Judicial Notice Motion asks the Court to take Judicial Notice of several exhibits in support of his First Rule 60(b) Motion and his Bail Motion.   Docket No. 132. Because the Court denies both Rule 60(b) motions for the reasons provided above, the Court will deny applicant's Judicial Notice Motion as moot.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that applicant's Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(6) Based upon Extraordinary Circumstances [Docket No. 126] is **DISMISSED for lack of jurisdiction**.   It is further

**ORDERED** that applicant's Motion for Relief and to Vacate Judgment Pursuant to Fed. R. Civ. P. 60(b) [Docket No. 129] is **DENIED**.   It is further

**ORDERED** that applicant's Motion for Release on Bail Pending Litigation of Motion for Relief from Judgment based upon Extraordinary Circumstances Motion for Relief and to Vacate Judgment Pursuant to Fed. R. Civ. P. Rule 60(b) New Application for Habeas Corpus Relief Under 28 U.S.C. 2254 or U.S.C. 2241 and/or any Appellate Proceedings Relevant to any of the Above Litigation [Docket No. 131] is **DENIED**.   It is further

**ORDERED** that applicant's Motion to Chief Judge P.A. Brimmer to Take Judicial Notice of Attached Public Record Photographic Evidence in Support of Motion for Relief from Judgment (ECF 126) and Motion for Release on Recognizance Bail [Docket No. 132] is **DENIED as moot**.

DATED:   August 24, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge